**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5117-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

YOHAN BALCACER, a/k/a
JOHAN RIBAS-BALCACER,

      Defendant-Appellant.

_____

Submitted May 30, 2019 – Decided June 28, 2019

Before Judges Alvarez and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 12-02-0302.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Yohan Balcacer appeals from the April 17, 2018 Law Division order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

I.

Defendant was convicted by a jury of third-degree possession of imitation controlled dangerous substances with the intent to distribute, N.J.S.A. 2C:35-11, and second-degree eluding, N.J.S.A. 2C:29-2(b). He was acquitted of twelve other offenses. On July 25, 2014, Judge James J. Guida, J.S.C., sentenced defendant to four years with two years of parole ineligibility on the possession with intent charge, to be served consecutively to eight years imprisonment with four years of parole ineligibility on the eluding charge. Defendant's appeal was denied. State v. Balcacer, No. A-0264-14 (App. Div. Nov. 15, 2016). The Supreme Court denied certification on February 7, 2017. State v. Balcacer, 229 N.J. 157 (2017). Thereafter, defendant filed a pro se PCR petition and brief, and his assigned counsel also filed a brief on his behalf. Judge Guida coincidentally was the judge who heard the PCR petition. He initially found defendant had made a prima facie case of ineffective assistance and ordered an evidentiary hearing. After the evidentiary hearing, however, Judge Guida denied defendant relief.

A-5117-17T4

The details of the underlying offenses are set forth in the unpublished opinion. See Balcacer, slip op. at 2-6. Suffice it to say defendant fled the scene of a $100,000 drug deal/robbery plan involving undercover agents. He drove into the Bronx and police broke pursuit; he was apprehended some days later. At trial, a co-defendant testified against him. Obviously, the two were acquainted. Defendant was identified by others as well, including the undercover officer.

At trial, Judge Guida queried defendant fully regarding his waiver of his right to testify. In addition, the judge asked defendant if he wanted the jury to be instructed that defendant's waiver of his right to testify was a factor not to be discussed during deliberation. See Model Jury Charges (Criminal), "Defendant's Election Not to Testify" (rev. May 4, 2009). Defendant confirmed he wanted that instruction given, and the judge had defendant sign a form to that effect.

Following denial of his appeal, defendant filed a pro se PCR petition arguing his trial counsel had been ineffective in failing to request a Wade[1] hearing, preventing him from testifying at trial, and deciding not to call certain alibi witnesses at trial. At the January 2018 PCR hearing, the trial court found, by oral decision, that given the co-defendant's acquaintance with defendant, any challenge to identification, such as by a motion for a Wade hearing, would have been futile. The

_____

[1] United States v. Wade, 388 U.S. 218 (1967).

judge also recalled discussing with defendant his waiver of his right to testify, and his request that the jury be given the Model Jury Charge. He concluded the record simply did not support a claim that defendant's waiver was not knowing and intelligent. As for the final issue regarding alibi witnesses, the trial court reserved judgment.

A couple weeks after the PCR hearing, the judge filed a written decision ordering an evidentiary hearing to address whether counsel had been ineffective in failing to call two alibi witnesses. This issue arose during the trial, and in fact, counsel had investigated their viability. In support of defendant's PCR petition, the witnesses submitted two affidavits. They were in English even though neither spoke the language. One alibi witness was an elderly aunt of defendant, who suffered from dementia. The other was his brother. Both required the aid of an interpreter in court.

At the evidentiary hearing, defendant's aunt said she could not recall being at the trial, nor could she remember the written statement she had provided to defendant. She claimed she recalled, however, that on October 18, 2011, she saw defendant in his mother's house in New York City at 11:45 in the morning. This was the same time and date as the aborted drug deal/robbery.

Defendant's brother testified that he remembered being at trial, and had spoken with trial counsel. He said on the date of the crime defendant had

accompanied him to complete a construction job at approximately 1:00 p.m. in New York City. The notary who witnessed the alibi witnesses' signatures was not called. Presumably, it was the notary who translated the witnesses' statements into English.

Defendant also testified at the hearing, claiming he only met with trial counsel three times. When he asked her to call alibi witnesses on his behalf, she allegedly told him it was unnecessary and that she "got this," meaning she would take care of it.

Defendant's trial counsel recalled she had met with defendant over twenty times prior to trial. She also stated defendant acknowledged to her that he was present at the scene of the crime. It was not until after jury selection had begun that he told her his brother and aunt were available to testify as alibi witnesses. When counsel reminded defendant that he had acknowledged being at the scene of the crime, he claimed that she had misunderstood him because he was not there. Counsel hired an investigator, who confirmed that defendant's aunt could not remember anything. Counsel spoke with defendant's brother, and concluded that his proposed testimony made no sense. Accordingly, she decided not to call either witness as a strategic decision informed by ethical considerations. Counsel "realized that when [defendant] told me at first that he was there [that] was the truth and I was not going to present witnesses that I believe[d] were not telling the truth."

In an April 2018 decision, the judge found that the purported alibi witnesses' testimony was not credible because it was "uncorroborated, self-serving, and . . . contradicted by common experience and reason." The judge did find, however, trial counsel's testimony credible, and her rationale for not calling the alibi witnesses to be reasonable trial strategy. She had an ethical obligation not to present false evidence to the court and had to consider whether jurors would also find their testimony patently incredible. Thus, the judge concluded the decision not to call the alibi witnesses did not meet the standard for ineffective assistance of counsel.

On appeal, defendant raises four points:

> POINT I
> TRIAL COUNSEL WAS INEFFECTIVE BECAUSE SHE FAILED TO PRESENT AN AVAILABLE ALIBI DEFENSE.
>
> POINT II
> TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO CHALLENGE THE IDENTIFICATION EVIDENCE AT A WADE/HENDERSON HEARING.
>
> POINT III
> THE DEFENDANT WAS COERCED INTO FORGOING HIS TESTIMONY DUE TO TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION.
>
> POINT IV
> THE CUMULATION OF ERRORS BY TRIAL COUNSEL RESULTED IN A FUNDAMENTALLY UNFAIR PROCESS.

A petition for post-conviction relief is not "a substitute for direct appeal . . . nor an opportunity to re-litigate cases already decided on the merits[.]" State v. Preciose, 129 N.J. 451, 459 (1992) (citations omitted). When a petitioner claims ineffective assistance of counsel as a basis for relief, he must satisfy two prongs: first, that counsel's performance was deficient, and secondly, that but for those errors, he would not have been convicted. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

Counsel's decision not to present the alibi witnesses was required by ethical considerations. In addition, it was a sound strategic decision because neither would have been a credible witness. Defendant's aunt suffered from dementia and the likelihood that she would be believed was slim to none. The brother's testimony made little sense. Therefore, it was better to have no witnesses than witnesses who would cause the defense to lose all credibility.

Counsel's decision fulfilled her ethical responsibilities to the system. See In re Seelig, 180 N.J. 234, 254-55 (2004). A lawyer has the right to refuse to present evidence he or she believes is false. RPC 3.3(c). A lawyer cannot cooperate in the commission of perjury, which includes falsification of evidence or assisting witnesses in giving false testimony. See RPC 3.4(b). We do not consider

defendant's argument on this point to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

## II.

Defendant next contends counsel was ineffective because she failed to demand a Wade hearing and failed to address any issues under State v. Henderson, 208 N.J. 208, 288-90 (2011). Under the circumstances as revealed in the trial transcripts, however, Judge Guida's decision was entirely correct. It would have made no sense for counsel to challenge identification by a co-defendant. The co-defendant may have had a motive to fabricate, but that has nothing to with the validity of defendant's identification. Additionally, the undercover detective had seen defendant on several occasions. Although defendant argued at trial that the officer could not have seen defendant clearly through tinted windows, the officer said he saw him through a clear glass windshield, and made a point of seeing him enough to be able to identify him.

Thus, as the judge pointed out, it would have been futile for counsel to have requested these hearings. There was nothing ineffective about failing to make applications that would have been denied. See State v. Drew, 383 N.J. Super. 185, 202 (App. Div. 2006).

A-5117-17T4

## III.

Defendant's contention that he was inadequately advised with regard to his right to testify, or coerced into giving up the right, borders on the frivolous. The judge extensively reviewed the decision with him, and ultimately, defendant on the record confirmed that he understood his choices, had decided not to take the stand, and wanted the Model Jury Charge given. This point is so lacking in merit as to not warrant further discussion in a written opinion. R. 2:11-3(e)(2).

## IV.

Defendant argues that the aggregation of errors counsel committed at trial warrant relief. Counsel did not commit any errors, and in fact, was remarkably successful in obtaining acquittal of the most serious charges against defendant. As a result, despite having been indicted on at least one first-degree offense and many second-degree offenses, defendant had already been released from imprisonment at the time of his PCR hearing. This argument also is so lacking in merit as to not warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-5117-17T4